6̶5̶ 66

# UNITED STATES DISTRICT COURT

for the

Michael Christianson, JUD
*Petitioner*

v.

Eric Rardin, Warden
*Respondent*

(name of warden or authorized person having custody of petitioner)

)
)
)
)
)
)
)
)
)

Case: 2:25-cv-13787
Assigned To : Murphy, Stephen J., III
Referral Judge: Morris, Patricia T.
Assign. Date : 11/25/2025
Description: HC CHRISTIANSON v.
RARDIN (MC)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Michael Adam Christianson, JUD

   (b) Other names you have used: _____

2. Place of confinement:

   (a) Name of institution: FCI Milan

   (b) Address: P.O. Box 1000, Milan, MI 48160

   (c) Your identification number: 18031-027

3. Are you currently being held on orders by:

   ☒ Federal authorities     ☐ State authorities     ☐ Other - explain: _____

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you: Hammond District Court, Hammond, Indiana

   (b) Docket number of criminal case: 2:21CR68-001

   (c) Date of sentencing: November 19, 2021

   ☐ Being held on an immigration charge

   ☐ Other *(explain)*: _____

1

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: FCI Pekin, Pekin, IL

_____

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
Wrongful withholding of 404 programming days by the Fed. Bureau of Prisons from January 1, 2023 to January 16, 2024; Constructive Denial of BP-8.

(d) Date of the decision or action: December 9, 2022

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: FCI Pekin

_____

(2) Date of filing: January 30, 2024

(3) Docket number, case number, or opinion number: 1189658-F1

(4) Result: Constructive Denial

(5) Date of result: February 9, 2024

(6) Issues raised: Wrongful withholding of 387 (programming days for "opting out" of FSA Resolve Program that was not properly recommended by FCI Pekin staff, nor properly assigned

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

by FCI Pekin staff as required by FSA law and BOP policy and BOP regulations; No guilty finding by BOP for refusing to program

(b) If you answered "No," explain why you did not appeal: _____

_____

8.  **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ☒ Yes          ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court: BOP, North Central Regional Office (NCRO)

    (2) Date of filing: April 8, 2024

    (3) Docket number, case number, or opinion number: 1189658-R1

    (4) Result: Told to resubmit BP-9 and await response

    (5) Date of result: April 12, 2024

    (6) Issues raised: BP-9 reject reason 1 was patently incorrect because I cannot attach the missing BP-8; Reject reason 2 was meritless because BOP staff had been given the proper time to respond to the BP-8; Constructive Denial of BP-8 and BP-9

    (b) If you answered "No," explain why you did not file a second appeal: _____

    _____

9.  **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☒ Yes          ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court: BOP, Central Office

    (2) Date of filing: November 25, 2024

    (3) Docket number, case number, or opinion number: 1189658-A1

    (4) Result: Rejected; Constructive Denial

    (5) Date of result: January 3, 2025

    (6) Issues raised: The unofficial and meritless rejections by NCRO and Warden; BP-8, BP-9s and BP-10 were constructively denied; BP-10 was wrong-

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

fully rejected by NCRO; the BP-8 was construct-
ively denied, never responded to, and never re-
turned by Dr. Gomory and, therefore, impossible
to attach to the BP-9s, BP-10s or BP-11.

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

_____

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                 ☒ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                 ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                 ☒ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes         ☒ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: _____

(b)   Date of the removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes         ☐ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

_____

(d)   Did you appeal the decision to the United States Court of Appeals?

☐ Yes         ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

5

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   BP-8 Informal Request

(b) Name of the authority, agency, or court:   Mr. Gomory, FCI Pekin, FSA Coordinator; FCI Pekin.

(c) Date of filing:   January 24, 2024

(d) Docket number, case number, or opinion number:   None

(e) Result:   Constructive Denial / unaccounted for

(f) Date of result:   January 31, 2024

(g) Issues raised:   Wrongfull withholding of 387 programming days for "opting out" of FSA Resolve Program that was not properly recommended or assigned by FCI Pekin staff as required by FSA law and BOP policy and BOP regulation; No guilty finding by BOP for refusing to Program; Constructive Denial.

_____

### Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**  FCI Pekin has unlawfully disallowed the Petitioner 404 Programming days (and their corresponding First Step Act ("FSA") time credits) based solely on an erroneous "opt out" designation (Continued in Supporting Facts in Section VI.A of Contemporaneously Submitted Memorandum of Law)

6

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_See Section VI. A of Contemporaneously_
_Submitted Memorandum of Law_

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes          ☐ No

**GROUND TWO:** _FCI Pekin Staff, Dr. Gomory, FSA Coordinator,_
_has unlawfully disallowed Mr. Christianson 404 ~_
_(Continued in Supporting facts in Section VI. B._
_of Contemporaneously Submitted Memorandum of Law)_

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_See Section VI. B. of Contemporaneously_
_Submitted Memorandum of Law_

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes          ☐ No

**GROUND THREE:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

7

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
      not: _____

**Request for Relief**

15. State exactly what you want the court to do: The Writ be Granted; And BOP be
further Ordered to award Mr. Christianson any programming
days and FTCs earned between the BOP's December 9, 2022,
classification and January 16, 2024, classification of Mr. Chris-
tianson as incorrectly opting out of FSA Programming and
participation;
    And BOP be further Ordered to retroactively place Mr. Chris-
tianson in Opt in credit earning Status during the relevant
periods, because he was - and continued to be - at all times
relevant an eligible inmate under 18 USC §3632(d)(4)(E)(i)
or (ii) to receive or earn FSA FTCs as he was fully partici-
pating in BOP Programming;
    Award costs, fees and other expenses pursuant to 5 USC
§504 and 28 USC §2412;
    Grant any other relief the Court deems just, proper and
equitable.

8

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  11-06-25

_____
*Signature of Petitioner*


_____
*Signature of Attorney or other authorized person, if any*

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Michael Christianson, JuD,
   Petitioner,

     Vs.

Eric Rardin, Warden,
   Respondent.

Case No.

## PRO SE MEMORANDUM OF LAW IN SUPPORT OF §2241 HABEAUS CORPUS PETITION

Comes now, Michael Christianson, JuD, Petitioner ("Mr. Christianson") pro se, and respectfully submits this Memorandum of Law in support of the Petition For A Writ of Habeas Corpus under 28 USC §2241, and would show the Court the following facts, circumstances, and points of law:

1

# — INDEX —

## ( Pages 1-i to 1-iii )

# INDEX

I. Introduction _____ 2

II. Jurisdiction _____ 2-3

III. Venue _____ 4

IV. Pro Se Petitioner _____ 4-6

V. Legal Standard _____ 7-16

   A. Exhaustion of Administra-
      tion Remedies _____ 8-9

   B. Chevron Deference Is Not
      Allowed _____ 10-13

   C. Auer Deference for BOP
      Program Statements _____ 13-14

   D. Habeas Corpus Review
      Standards _____ 14-16

VI. Grounds For Relief _____ 17

   A. Ground One _____ 17

     1. Supporting Facts _____ 17-40

       a. Mr. Christianson's In-
         carceration _____ 17-19

1-ii

# INDEX

b. Mr. Christianson's FSA Assessments and Eligibility _____ 19-22

c. FTCs _____ 22-24

d. The BOP has Improperly Applied 28 CFR §523.41(c)(4)(v) _____ 24-40

B. Ground Two _____ 41

1. Supporting Facts _____ 41-47

a. Inclusion of Ground One Supporting Facts _____ 41

VII. Summation _____ 48-52

VIII. Declaration _____ 52

Certificate of Service _____ 54

Exhibits (ATTACHMENTS)

## I. Introduction

Mr. Christianson, who is currently serving a sentence at the Federal Correctional Institution ("FCI") Milan in Milan, Michigan, was wrongfully deprived of certain programming days (and corresponding time credits) by the Federal Bureau of Prisons ("BOP"), available under the First Step Act (FSA), by inappropriately deeming him ineligible, and in declined status, during the relevant time periods.

## II. Jurisdiction

Pursuant to 28 USC §2241, a district court may grant habeas relief when a petitioner is in custody in

2

"Violation of the Constitution or laws or treaties of the United States." 28 USC §2241(c)(3). A prison may seek a writ of habeas corpus under 28 USC §2241 to challenge the execution of his sentence. U.S. v. Addonizio, 442 U.S. 178, 185-86 (1979) ("Section 2241 is the only statue that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging ... the execution of his sentence."); Sullivan v. U.S., 90 F. App'x 862, 863 (6 Cir 2004); Capaldi v. Pontesso, 135 F.3d 1222, 1123 (6 Cir 1989); Additionally —

This Court has jurisdiction over this case pursuant to 28 USC §1331, and the Administrative Procedures Act, 5 USC §701, et seq.

3

## III. Venue

Venue is appropriate in this Court because Mr. Christianson is in custody in the Eastern District of Michigan, Flint Division. See U.S. v. Stanley, 2022 U.S. App. LEXIS 35218, at *3 (6 Cir 2022) (Territorial-Jurisdiction Rule).

## IV. Pro Se Petitioner

The Court must conduct a preliminary review of Mr. Christianson's Petition. 28 USC § 2243. While reviewing the petition, the Court must apply a more lenient standard because Mr. Christianson is proceeding without an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, this § 2241

4

petition must be liberally construed, Urbina v. Thomas, 270 F.3d 292, 295 (6 Cir 2001), so that he is affored a fair chance to present his case. See Franklin v. Rose, 765 F.2d 82, 84-85 (6 Cir 1985) (noting that "allegations of a pro se habeas petition, though vague and con-clusory, are entitled to a liberal con-struction" including "active interpre-tation" toward encompassing "any al-legation stating federal relief"). And so long as he has advanced his case "with some effort at developed argu-ment [.]" Coleman v. Shoney's, 79 F. App'x 155, 157 (6 Cir 2003), and "reason-ably compl[ies] with" rules of pro-

5

cedure, Preferred Auto Sales v. Kocis, 60 F. App'x 583, 583-84 (6 Cir 2003), these "[l]iberal construction require- ments for pro se litigants carry par- ticular weight when courts consider habeas filings." Dignity Health v. Min- ton, 211 L. Ed. 2d 274, 275 (2021); see also Kiser v. Wainwright, 2021 U.S. App. LEXIS 33889, at *10 (6 Cir 2021)(applying a "very liberal construction" of pro se petitioner's §2254 petition)(em- phsis added).

## V. Legal Standard

A district court may grant ha-
beas relief when a petitioner is in cus-
tody in "violation of the Constitution
or laws... of the United States."
28 USC §2241(c)(3). A §2241 petition
provides grounds for attacking the
execution of a sentence, rather than
the validity of the sentence itself.
Valona v. U.S., 138 F.3d 693, 694 (7 Cir 1998);
U.S. v. Scott, 775 F. Appx 252, 253 (7 Cir
2019)("A petition for a writ of habeas
corpus is the right way to contest the
[BOP's] calculation of the time remain-
ing on a federal sentence."); Setser
v. U.S., 566 U.S. 231, 244 (2012). Because

7

the administration of FSA FTCs and programming days is done by the BOP under 18 USC §3632, this process involves the execution rather than the imposition of sentence. Id. See also Preiser v. Rodriguez, 411 U.S. 475, 483, 487 (1973)("Even if the restoration of the respondent's credits would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy.")

## A. Exhaustion of Administrative Remedies

The responsibility for computa-

8

of FTCs lies with the Attorney General, through BOP. <u>Nieves v. Warden</u>, 2020 U.S. Dist. LEXIS 3581, at *5 (ND Ohio, Jan. 9, 2020); <u>U.S. v. Wilson</u>, 503 U.S. 329, 335 (1992). Therefore, before Mr. Christianson can seek relief under §2241 to challenge the computation or earning of FTCs, he must fully exhaust his administrative remedies within the BOP. <u>Luedtke v. Berkebile</u>, 704 F.3d 465, 466 (6 Cir 2013). Mr. Christianson attempted informal resolution with FCI Pekin staff, Dr. Gomory, using a BP-8 form. Dr. Gomory refused to respond to the BP-8 and never returned the BP-8. When Mr. Christianson received no satisfaction, he ap-

9

pealed formally by Filing a written complaint using a BP-9 form with the FCI Pekin Warden, followed by an appeal using a BP-10 to the Regional Director of the Federal BOP, and, finally, after receiving no satisfaction, he appealed to the Office of the General Counsel using a BP-11 form. Mr. Christianson's BP-11 appeal was ultimately rejected. Mr. Christianson has properly exhausted his administrative remedies by properly and timely presenting his claims to Dr. Gomory, the Warden, and the BOP for consideration.

### B. Chevron Deference Is Not Allowed

Central to this case is whether the BOP lawfully denied Mr. Christianson 404 programming days* (and their corrosponding FTCs) under the FSA and BOP regulations by concluding he was unable to accrue those days from December 9, 2022, to January 17, 2024 because he requested Dr. Gomory, FSA coordinator, remove his name from an FSA waiting list for the Resolve program and was, subsequently designated as in "Declined programming"/ "Declined EBRR/ PA program(s)" Status for being consid-

* BOP documents give multiple different programming days: 387 days on 12-31-2023 Assessment date; 380 days on 12-01-2024 Assessment date; 404 days on 6-30-2024 Assessment date.

11

ered "opting out" of FSA programm-
ing.

 Presently, in reviewing the action(s)
of a federal agency, such as BOP, an
agencie's interpretation of ambiguous
statues is no longer entitled to Chevron
deference. See Loper Bright v. Raimondo,
144 S. Ct. 2244, 2261-63 (2024)(overruling
Chevron v. NRDC, 467 U.S. 837 (1984)). In-
stead, it is the Court's responsibility "to
decide whether the law means what
the agency says." Id at 2261. The
Administrative Procedure Act, 5 USC
§§ 701-706, requires courts to exercise
their independant judgment in deciding
whether BOP has acted within its statu-

12

tory authority. Id.

C. Auer Deference for BOP Program Statements?

Auer deference is not due for BOP Program Statements ("PS"). Auer v. Robbins instructed courts to defer to an agency's interpretation of its own regulation unless plainly erroneous or inconsistant with the regulation. 519 U.S. 452, 461 (1997). Although Loper Bright does not opine on whether Auer deference is consistant with the APA, Mr. Christianson is convensed that based on the opinion in Loper Bright, Auer deference is improper in this case. The BOP's interpretation

13

and application of the FSA in general, and 28 CFR §523.41(c)(4)(v) specifically, is plainly erroneous and inconsistant with the regulation. <u>Seminole Rock</u>, 325 U.S. 410, 414 (1945).

### D. Habeas Corpus Review Standards

A petition for relief under §2241 follows the procedures established by the Habeas Corpus Statues: <u>28 USC §2241 - §2253.</u> "A §2241 petition must specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." <u>28 USC §2254 rule 2(c)(1)-(2).</u>  <u>Rule 4</u> of Rules Governing §2254 cases requires the Clerk

14

to promptly forward the petition to a judge and for the assigned judge to promptly examine the petition. <u>Tebelman v. Warden</u>, 2024 U.S. Dist. LEXIS 126-905, at *1 (SD Ohio July 18, 2024); <u>Maddox v. Wickersham</u>, 2023 U.S. Dist. LEXIS 189-302, at *2 (ED Mich Oct. 20, 2023).

<u>Federal Rules of Civil Procedure</u> are applicable to a §2241 petition to the extent they are not inconsistent with any statutory provisions or Rules Governing Section 2254 Cases. <u>Drane v. Streck</u>, 2024 U.S. LEXIS 168331, at *3 n.1 (SD Ohio Sept. 18, 2024).

The Court accepts as true Mr. Christianson's well-pleaded factual al-

legations, <u>Hosp. Bldg v. Tr. of Rex Hosp.</u>, 425 US 738, 740 (1976), but not any of his legal conclusions.

# VI. Ground(s) For Relief

A. <u>Ground One</u> : FCI Pekin staff have unlawfully disallowed Mr. Christianson 404 Programming days (and their corresponding First Step Act ("FSA") time credits) based on an improper "Declined Programming" designation Mr. Gomory, FSA Coordinator, applied under <u>28 CFR §523.41(c)(4)(v)</u> (the "Contested Rule") soon after Mr. Christianson request to be removed from the waiting list for a/the self-recommended, unassigned FSA-eligible program "Resolve."

## 1. <u>Supporting Facts</u>:

### a. Mr. Christianson's Incarceration

On November 19, 2021, Mr. Christianson was sentenced to 180-month term of imprisonment, followed by a 24-month term of supervised release, for transportation of obcene material in violation of <u>18 USC §1462</u>, in the Northern District of Indiana. See U.S. v.

17

Christianson, Case No. 2:21CR68-001.
After Sentencing, Mr. Christianson was
initially returned to the Kankakee
County Jail in Illinois, where he had
been detained pretrial. He was then
sent to MCC-Chicago (a Federal Bureau
of Prisons ("BOP") facility) in Illinois
on December 22, 2021, before being
transferred to his initial BOP designat-
ed facility, FCI Pekin, on July 21, 2022.

   On July 23, 2022, FCI Pekin had Mr.
Christianson undergo an FSA assess-
ment, and, on or about this date, de-
termined him to be a Low risk for
recidivating. He was initially classif-
ied as an "INELIGIBLE" prisoner

18

for FSA Time Credits (FTCs). FCI
Pekin kept Mr. Christianson in Ineli-
gible status from enactment of the
FSA on December 21, 2018, through
January 10, 2024.

b. Mr. Christianson's FSA
Assessments and Eligibility

Months after arriving at FCI
Pekin, his official detention facility,
Mr. Christianson underwent an FSA
assessment by BOP staff. See FBOP
Program Statement (PS) 5410.01 § 5 (2022)
(available at FBOP, Policy & Forms, https:
//www.bop.gov/resources/policy_and_
forms.jsp.)(detailing "Risk and Need
Assessment" procedures, and stating
that "[a]fter the inmate's arrival to

19

their designated facility for Service of their Sentence and during the initial admission and orientation phase, the PATTERN and SPARC-13 assessments will be completed").

The BOP's Risk and Needs Assessment System (the "System") consists of two parts: the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN), and the Standardized Prisoner Assessment for Reduction in Criminality (SPARC-13). See PS 5410.01. Following the System assessment, Mr. Christianson was determined to be a Low risk. (Exhibit 1, "FSA Recidivism Risk Assessment

20

(PATTERN 01.03.00)", Assessment # R-2147054558). Mr. Christianson has consistently maintained a Low recidivism risk.

The SPARC-13 assesses Mr. Christianson's criminogenic needs areas. Relavent to this petition, he was assessed by FCI Pekin psychology services, without an interview, with a Trauma, Anger/Hostility and Family/Parenting need. And by the FCI Pekin Education staff with a Work need, through a document review, without a screening. See PS 5400.01 §4. (the "Target Needs"); Exhibit 2, "FSA Needs Reassessment," Assessment # 099950cd-098e-

21

4b92-ba90-76385lb3ade1.)

Mr. Christianson's initial System assessment, undertaken on July 23, 2022, determined him to be Ineligible to earn or apply FTCs. See Exhibit 1, handwritten annotation "Inelig/Lw". He continued to be assessed as an Ineligible inmate through January 9, 2024. On January 10, 2024, he was considered Eligible to earn and apply FTCs while signing for receipt of his Reassessment paperwork from his Case Manager at FCI Pekin, Ms. Shea.

C. FTCs

The FSA contains various reforms, including the potential for Mr. Christianson

22

to reduce the length of his sentence by accumulating "Time Credits", or FTCs. See 18 USC §3632. Specifically, the FSA calls for an eligible "prisoner, ... who successfully completes [EBRR] programming or [PAs], shall earn time credits" at a rate described by Statue. Id. §3632(d)(4). Mr. Christianson can earn ten days of FTCs for every thirty days of successful participation in EBRR programming or PAs, and he can, with a low risk of recidivism, for two consecutive 180 day reviews, earn an additional five days of FTCs for every thirty days of successful participation, Id, from July 23, 2023 to the present,

and going forward. Id. at §3632(d)(4)(A).
FTCs, when applied, advance the date
when Mr. Christianson will be placed in
"prerelease custody" (including home
confinement or residential reentry facil-
ities), or accelerate the date when Mr.
Christianson will leave BOP custody to
start a term of Court-imposed Super-
vised release.

　　　d. The BOP has Improperly Ap-
　　　plied 28 CFR §523.41(c)(4)(v) to
　　　Deny Mr. Christianson ETCs in
　　　Violation of the FSA and the
　　　Contested Rule, and FSA hearing

　　The FSA provides that FTCs
are available for Successfully com-
pleted programming unless that pro-
gramming is completed (1) "prior to

the date of enactment of this subchapter";
(2) "during official detention prior to the
date that the prisoner's sentence commences
under section 3585(a)"; or (3) the prisoner
is disqualified based on his conviction or
is subject to a final order of removal.
See 18 USC §3632(d)(4)(B), (D), (E). None
of these disqualifications apply to Mr.
Christianson. The FSA therefore mandates
that he "shall" earn FTCs for any success-
fully completed programming while in
a BOP facility. 18 USC §3632(d).

   Beginning in July 23, 2022, Mr. Chris-
tianson began participating in the Fin-
ancial Responsibility Program ("FRP")
while incarcerated at FCI Pekin. The

25

FRP is recognized by BOP as an approved PA. Mr. Christianson participated in the FRP starting on July 23, 2022, through October 8, 2024, when he successfully completed the FRP PA.

Further, beginning in December 5, 2022, Mr. Christianson began participating in Federal Prison Industries, also known as UNICOR. UNICOR is recognized by BOP as an approved PA. Mr. Christianson participated in UNICOR work program starting December 5, 2022, through February 28, 2025, when he successfully completed the UNICOR PA and was transferred to FCI Milan, in Milan, Michigan.

Further, beginning on or about April 2023, through March 3, 2023, he participated in, and successfully completed Drug Education PA recommended and assigned by BOP staff.

Clearly, starting on July 23, 2022 and through February 28, 2025, Mr. Christianson was successfully participating in, and successfully completing, numerous FSA programs: (1) FRP, (2) UNICOR work, and (3) Drug Education.

However, Mr. Christianson had, on or about December 9, 2022, sent a TRU-LINCs electronic cop-out "e Cop-out" to Dr. (First Name Unknow) Gamory, in the psychology department, requesting

27

his name be removed from a <u>self</u>-recom-
mended and <u>self</u>-assigned waiting list
for the FSA Resolve** program. At that
time, and presently, FCI Pekin did <u>not</u> offer
the Resolve program. See the <u>Guide</u> at p. 27
(Feb. 2022) and p. 41 (Feb. 2025) Mr. Christian-
son ignorantly sought out BOP programming
in 2022 without being BOP recommended,
See <u>Escudero v. Hijar</u>, 2024 U.S. Dist. LEXIS
226966, at *10-11 (WD Tex Dec. 16, 2024)(citing
Resp'ts Motion for Summery Judgment, Ex. 2 (Decl.
of Bertha Tovar, ECF No. 5-5 at ¶ 4))("Based

** <u>First Step Act Approved Programs Guide</u> states Resolve is
"a cognitive behavioral therapy program designed to ad-
dress the trauma-related mental health needs of individuals"
seeking "to decrease the incidence of trauma-related
psychological disorders and improve level of functioning." (avail.
https://www.bop.gov/inmates/fsa.)(January 2025)(Febru-
ary 2022, p. 27)(the "Guide").

on the results of SPARC-13, BOP staff will re-
commend [Programming] for a prisoner
consistent with his needs."). A recommend-
ation is a requirement for Mr. Christianson
to be awarded FTCs when he successfully
completes EBRR programs or PAs (Col-
lectively and Seperately "Programming"). See
BOP, First Step Act Program Incentives, PS
~~5~~ 5220.01 (2021) §5 ("Incentives[*] are a-
warded when inmates successfully complete,
enroll, or participate in recommended pro-
grams or activities."); First Step Act Basics,
FCI Pekin Rentry Services Division Flyer
(Dec 2023)(Posted on Education Bulliten

---

[*] "Incentives" encompass FTCs. 18 USC §3632(d)(4).

29

Board, April 11, 2024 at 1518 hours)("How to Earn FSA Incentives" "Enroll in and complete programs recommended at your program review that addresses your needs." "At your program review or team meeting, your Unit Team will recommend programs and/or activities" "based on your needs assessment."); Under BOP regulations, "[a]n eligible inmate ... may earn [FTCs] if he [] is successfully participating in [Programming] that the [BOP] has recommended based on the inmate's individualized [System] assessment on or after January 15, 2020." 28 CFR §523.42(b)(3). The word "recommended" is a mandate, not a suggestion. A BOP recommendation

30

triggers actual FTC earning along with the mandatory System assessment. See id. at § 523.41(c)(2)(requiring BOP "recommended" EBRR programs or PAs to earn FTCs); accord id. at § 523.42(b)(3); See also PS 5410.01 (Nov. 2022) at 5 (¶ 1-2), 8 (¶ 3), 10 (¶ 6(b)-(c). A recommendation must originate with BOP Staff. Specifically, "[t]he discipline assessing needs areas is responsible for recommending the program(s)[.]" See Unit Management and Inmate Program Review, at § 3.b. ("Unit Management")(April 2024). More specifically, the psychology department was responsible for recommending the Resolve program because Resolve addresses a Trauma need. But the psychology de-

31

partment did not arguably recommend Mr. Christianson for a BOP program until his Team date: January 15, 2024. At that time, his Case Manager, Ms. Shea, made a recommendation goal for him to "[e]nroll and complete 2 psychology based groups by next program review." Exhibit 4 "Individual Needs Plan-Program Review", p 2 of 3; See <u>Unit Management</u> at 83.b. (requiring the Case Manager to "incorporate the recommended programs... into the... program review as measurable goals and" to "notify inmates of [] programming recommendations."). But Resolve is a psychology based group without a group because FCI Pekin does not have the Re-

32

Solve program. And Mr. Christianson, at no time, even ever qualified for Resolve, making it inappropriate for him, See 18 USC §3632(a) (the System "Shall be used to" "determine ... appropriate ... programming" for each prisoner.) accord id. at §3632(a)(5), if it were available to meet his past Trauma need.

Not only is BOP required to recommend and assign Programming, it is required by 18 USC §3632(a)(3) and (b) to "assign each prisoner" to the "appropriate" Programming, and to "reassign the prisoner to appropriate" Programming, id, so that Mr. Christianson is "able to successfully participate in such [Programming]" id at

33

§3632 (a)(5)(C). Mr. Christianson had no duty to seek out appropriate Programming under the FSA or under BOP regulations implementing 18 USC §3632 (d)(4). See generally 28 CFR §523.41 et seq. See also, PS5 410.01 (setting internal BOP policies and practices implementing the award of FTCs). In November 2022, when Dr. Gomory sent out a facility-wide flyer (via the TRULINKS message board) seeking any inmate interested in participating in the Resolve program there was no disclosure regarding program requirements, availability, appropriateness, recommendation or assessment. The flyer cast a wide net. Later, when Mr. Christianson realized his mistake,

34

and requested to be removed from the waiting list, he was unfairly penalized by being placed in declined status when he never declined Resolve. Mr. Christianson was willing and able to successfully participate in Resolve — had he been properly re-commended, had Resolve been appropriate for his assessed Trauma need, had he been assigned by BOP, and had Resolve been available, all of which had not been the situation. In fact, Mr. Christianson was assigned to Drug Education by BOP staff and he successfully participated in that program and completed it on March 3, 2023. And after learning of his declined status at his

January 10, 2024, FSA Reassessment, Mr. Christianson eMessaged Dr. Gomory to determine the reason he was in "Declined programming" status. Dr. Gomory is the FSA Coordinator at FCI Pekin. Dr. Gomory replied: "You are in decline status for Trauma. I will place you back on the waiting list." (On January 16, 2024 at 0717 hours.) On January 17, 2024, Mr. Christianson visited with Dr. Gomory and Dr. Gomory clarified that he had placed Mr. Christianson on a waiting list for "Resolve" program and that Mr. Christianson had declined because: "It was offered to you but you refused."

Again, a request to be taken off a wait

36

list is not a refusal. A refusal must fol-
low an official BOP recommendation based
on an identified need, such as Trauma
need. See PS 5410.01 at § 3 (Inmate is
"opting out" "if the inmate refuses or de-
clines to participate in any" Programming
"recommended based on an identified
need.")(expanding and clarifying 28 CFR
§ 523.41(c)(4)(v), a regulation implementing
the award of FTCs.)

   Even though Mr. Christianson was
removed from a wait list (for an inappro-
priate and unavailable program) that
he was never properly recommended for,
PS 5410.01 requires he "refuse or decline
to participate" in a "recommended" pro-

37

gram "for which [he] had been on a waitlist" to consider him "declined for the entire period on the waitlist[,]" id. at §5, taking into consideration "the inmate's ability to complete the program/activity." Id. Mr. Christianson could not complete Resolve because it was not being provided at FCI Pekin, was inappropriate for him, and was not officially recommended. See generally Head v. Mendota, 2023 U.S. Dist. LEXIS 175720, at *13 (ED Cal Sept. 29, 2023)(agreeing with BOP's view that inmate's claim "that BOP action" was not contrary to the FSA "because he is restricted from earning FTCs for participating in programs of his choosing not recommended under

the PATTERN system [.]"") The Head
judge expanded upon this reasoning: "18
USC §3632 mandates that the Attorney
General, through the BOP ... develop a "risk
and needs assessment system' that, in re-
levant part, 'determine[s] the type and a-
mount of [Programming] that is appro-
priate for each prisoner and assign each
prisoner to such programming accord-
ingly, and based on the prisoner's spe-
cific criminogenic needs.'") (quoting 18
USC §3632(a)(3),(b).)

Finally, PS5410.01 instructs BOP staff
that "[a]n inmate will remain in FTC
earning status while on any waitlist
for" Programming "recommended based

39

on the inmate's needs assessment ... as long as the inmate has not refused or declined to participate" but excuses a refusal or declination if the inmate is an "[a]ctive participa[nt] in at least one EBRR Program or PA" as active participation in a Program "Supersedes this requirement." Id. at §3 (28 CFR 523.41 (c)(2) clarifying policy mandate). Mr. Christianson was an active participant in numerous Programming from December 5, 2022 to January 16, 2025.

B. <u>Ground Two</u> : FCI Pekin staff, Dr. Gomory, FSA Coordinator, has unlaw- fully disallowed Mr. Christianson 404 programming days (and their correspond- ing FSA FTCs) for merely requesting to be removed from, and being removed from, a illegitimate waiting list for Resolve Program even though Mr. Christianson, before, during and after his removal from the wait list, successfully participated in and successfully completed numerous FSA PAs and is, therefore, entitled by law — 18 USC § 3632(d) and 18 USC § 3632 (d)(4)(A) — to the forgoing programming days and corresponding FTCs.

## 1. <u>Supporting Facts</u> :

### a. <u>Inclusion of Ground One Supporting Facts</u>

Section VI, Subsection 1.a.

through 1.d facts are repeated and

re-alleged as though fully set forth

here.

The BOP's revocation of Mr. Chris-

tianson's 404 Programming days ("PD")
(and corresponding FTCs) violates
18 USC §3632(d) and 18 USC §3632(d)(4)(A)
(together and seperate the "Contested
Statue") clear mandates and purpose
and intent. Relevant here is the Con-
tested Statue's mandate that an eligible
inmate "shall earn time credits" if
he "successfully completes" Program-
ming. 18 USC §3632(d). And the Con-
tested Statue goes further by incen-
tivizing "successful participation" in
Programming. 18 USC §3632(d)(4)(A).
Although BOP relys on 28 CFR §523.41
(c)(4)(v) as the basis to disqualify
Mr. Christianson from being consid-

42

ered in earning Status for the period December 9, 2022 through January 16, 2023, the FSA FTCs are properly available for his Successfully completed PAs completed during the period December 5, 2022 through February 28, 2025, while confined at FCI Pekin. As the clear language of 18 USC §3632(d) itself imposes no such limitation or exclusions on Mr. Christians ability to earn PDs or FTCs. The BOP, in this case, must award PDs and FTCs to Mr. Christianson as he Successfully earned them, regardless of the Fact he was merely removed from an illegitimate wait

list. By making Mr. Christianson cat-
egorically ineligible for such credits
the BOP contravenes the Contested
Statue's statutory scheme set forth
in 18 USC §3632. And such an inter-
pretation directly contradicts the
statutory text of the FSA because
it arbitrarilly, unlawfully and erro-
neously withholds PDs and FTCs
Mr. Christianson earned through the
successful participation in, and com-
pletion of, the following PAs:

1. FRP (July 23, 2022 – Oct 10, 2024)
2. UNICOR work (Dec 5, 2022 – Feb 28, 2025)
3. Drug Education (Apr. 2023 – Mar 3, 2025)
4. Traumatic Stress and Resilence
    (Mar. 4, 2024 completed)
5. Faith-based Conflict Management
    (completed January 2025).

44

The forgoing Five(5) PAs were BOP approved.

The BOP cannot, in this case, categorically apply <u>28 CFR § 523.41 (c)(4)(v)</u> to render Mr. Christianson ineligible from earning or applying FTCs to which he is entitled by law — <u>18 USC § 3632(d)</u>. See generally <u>Sohrab Sharma v. Peters</u>, 2024 U.S. Dist. LEXIS 199823, at *26 (MD Ala Nov. 4, 2024)

The Court should reject the BOP's regulatory interpretation that adds eligibility condition on top of those specified in the FSA and the Contested Statue. See <u>18 USC § 3632 (d)</u>

45

(4)(B), (D), and (E) (identifying and mandating that FTCs are available for successfully completed programs unless completed (1) "prior to date of enactment of this subchapter"; (2) "during official detention prior to the date that the prisoner's sentence commences under Section 3585 (a)"; or (3) the prisoner is disqualified based on his conviction or is subject to a final order of removal. None of these disqualifications apply.

And this Court must not let the manifestly unjust and absurd result of denying Mr. Christianson the 404 Programming days because he removed himself from

an illegitimate Wait list, Stand. Turner
v. Astrue, 790 F. Supp. 2d 584, LEXIS at *13
(ED Ky. 2011), reversed. This absolute, unjust
and absurd denial of all 404 Programming
days even though Mr. Christianson Success-
fully participated in and Completed five (5)
PAs between December 9, 2022 and ~~Feb~~ Febru-
ary 28, 2025, is a result "that all mankind
would, without hesitation, unite in re-
jecting. Sturges v. Crowninshield, 17 U.S.
122, 203 (1819). This Court should find 28
CFR §523.41(c)(4)(v) application ambigu-
ous under the doctrine of absurdity.

# VII Summation

A.     Although BOP is relying on <u>28 CFR</u> <u>§523.41(c)(4)(v)</u> as the basis to exempt him from being considered in earning status for the period December 9, 2022 through January 16, 2023, under the express mandate of <u>18 USC §3632(d)(4)(A)-(B)</u>, FTCs are available for successfully completed Programming which Mr. Christianson had completed at FCI Pekin for the period July 21, 2022, through February 28, 2025 unless the Programs were "successfully completed" (1) "prior to the date of enactment of" the FSA on December 21, 2018; or "prior to [] [July 21, 2022]" the date Mr. Christianson's "sentence commence[d]

48

under Section 3585(a)"; or (3) Mr. Christianson is otherwise ineligible under §3632 (d)(4)(D), 18 USC §3632(d)(4)(A)-(B),(D). Mr. Christianson does not meet any of these specific, unambiguous disqualifications. See generally Yufenyuy v. Warden, 659 F. Supp. 3d 213, WL 2398300, at *4 (D. NH 2023)(finding "there is no ambiguity in any of the terms of §3632(d)(4)(A) or (B), regarding when a prisoner's completition of programs will not count for purposes of earning [FTCs] under the FSA.") Therefore, he is due the appropriate FTCs for successfully participating in and completing: FRP, Drug Education, UNICOR, Faith-Based Conflict Management,

49

<u>Traumatic Stress and Resilience</u>, and <u>Talking With Your Doctor</u>, between July 21, 2022, through February 28, 2025.

B.    The mere request by Mr. Christianson to be taken off an inappropriate wait-list for Resolve program, and his subsequent removal, does not — in this specific situation — constitute a formal declining of a recommended program addressing one of his unique needs. See generally, <u>28 CFR §523.41(c)(2)</u>; <u>28 CFR §523.42(b)(3)</u> Unit Managent is tasked with informing Mr. Christianson of his target needs and recommending <u>specific</u> EBRRs and PAs to address those targeted needs. Only if an

50

inmate agrees to participate in the Specific Programming is he either placed into a program or on a waitlist. to join the programming. See PS 5410.01 at §§ 4-5.

C.     Finally, even if Mr. Christianson is found to have opted out of Programming, the BOP has assured the public and inmates that "[o]pting out of a program will not result in the forfeiture of credits, unless failure to complete the program itself constitutes an infraction (e.g. failing to accept a mandatory work assignment)."* Mr. Christianson could not complete Resolve at FCI

* See 87 Fed Register 2705, 2714 (Jan. 19, 2022).

51

Pekin as it was not being offered, and he was not properly assessed the Resolve program nor properly recommended by BOP staff to the Resolve as required by law, regulation and policy.

## VIII. Declaration

I, Michael Christianson, declare under penalty of perjury that the forgoing is true and correct. Executed on November 5, 2025.

Signature

Respectfully,

52

Michael Christianson
BOP # 18031-027
FCI Milan
PO Box 1000
Milan, MI 46180
Pro Se

59 53

Michael Christianson
18031-027
FCI Milan
Po Box 1000
Milan, MI 48160

Clerk of Court
U.S. Dist. Courthouse
Theodore Levin Courthouse
231 West Lafayette Blvd
Rm 564
Detroit, MI 48226

NOV 25 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

SPECIAL MAIL