UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTIANSON,

Petitioner,

v.

ERIC RARDIN,

Respondent.
_______________________________/

Case No. 2:25-cv-13787

HONORABLE STEPHEN J. MURPHY, III

**OMNIBUS OPINION AND ORDER**

Petitioner Michael Christianson is incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). ECF No. 1, PageID.1. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* Christianson claimed that the Bureau of Prisons ("BOP") improperly determined that he is ineligible to earn First Step Act ("FSA") time credits based on his participation in productive activities under 18 U.S.C. § 3632(d)(4)(A)(i). ECF No. 1, PageID.29, 53. Respondent then moved to dismiss the petition for failure to exhaust administrative remedies. ECF No. 6.

For the following reasons, the Court will convert the motion to dismiss to a motion for summary judgment, grant the motion for summary judgment, and dismiss the petition without prejudice.

**BACKGROUND**

Christianson pleaded guilty in the United States District Court for the Northern District of Indiana to three counts of transporting obscene matters in

violation of 18 U.S.C. § 1462. *See United States v. Christianson*, No. 21-cr-68, ECF No. 31 (N.D. Ind. Nov. 22, 2021). He was sentenced to 180 months' imprisonment, followed by two years of supervised release. *Id.* at 2–3.

Christianson filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the BOP improperly disallowed 404 programming days and the corresponding FSA time credits based on a designation that he had "declined programming" despite the successful completion of numerous productive activities.[1] ECF No. 1, PageID.29, 53. Respondent then filed a motion to dismiss, arguing that Christianson failed to exhaust his administrative remedies, ECF No. 6, and Christianson responded, ECF No. 8. Meanwhile, Christianson filed several motions in the interim. He first moved to strike immaterial and impertinent allegations from Respondent's motion to dismiss. ECF No. 7. He then moved twice for leave to file excess pages, ECF Nos. 9, 10, and petitioned for adjudication in criminal contempt, ECF No. 11. Last, he moved twice for rulings. ECF Nos. 12, 13.

## DISCUSSION

The Court will address the various motions separately.

### I. Motion to Strike

First, Christianson moved to strike portions of Respondent's motion to dismiss that he contends are immaterial and impertinent. ECF No. 7. Federal Rule of Civil Procedure 12(f) permits a court to strike "an insufficient defense or any redundant,

[1] Under the FSA, eligible prisoners are entitled to "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).

immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and infrequently granted. *Operating Eng'rs Loc. 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983) (stating that striking a portion of a pleading is a "drastic" remedy that is sparingly used). A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

Christianson seeks to strike the portions of the motion describing his criminal history. ECF No. 7, PageID.240. But the challenged material concerns the circumstances underlying his criminal proceedings and is not wholly unrelated to this action. The material is therefore not so immaterial or impertinent to warrant relief under Rule 12(f). Accordingly, the Court will deny the motion to strike.

II. Petition for Criminal Contempt

Christianson also filed a petition for criminal contempt, asking the Court to hold an "unknown Deputy Marshal assigned to the courthouse mailroom in contempt under 18 U.S.C. § 401(1), (2)." ECF No. 11, PageID.313. Because 18 U.S.C. § 401 does not provide a private cause of action, Christianson cannot obtain the requested relief under the statute. The Court will thus deny the petition for criminal contempt.

III. Motions to Exceed Page Limit

Christianson moved for leave to exceed the page limit for his response to Respondent's motion to dismiss, ECF No. 9, as well as his petition for criminal

contempt, ECF No. 10. Because the Court has considered both the response and the petition in their entirety, the motions for leave are denied as moot.

IV. Motions for Rulings

Christianson moved the Court requesting rulings on Respondent's motion to dismiss, ECF No. 12, and on his motion to strike, ECF No. 13. The motions are rendered moot by the instant order and will be denied as such.

V. Motion to Dismiss

Respondent moved to dismiss Christianson's petition on the ground that Christianson failed to exhaust his administrative remedies. ECF No. 6. Christianson responded, and advanced numerous arguments. ECF No. 8.

*A. Propriety of Pre-Answer Motion*

Christianson first argued that Respondent's motion to dismiss is improper because the Court's December 10, 2025, order directed Respondent to file "a responsive pleading," which he contends required an answer rather than a motion to dismiss. *See* ECF No. 8, PageID.253–273. The Court disagrees.

Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not [filed under § 2254]." *See also Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) ("The Habeas Corpus Rules . . . provide district courts ample discretionary authority to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions

raising serious questions."). The Court will apply the rules to the instant § 2241 petition.

Under Rule 4, when a petition survives initial review, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rules Governing Section 2254 Cases, Rule 4. Rule 4 therefore expressly permits a respondent to file a motion rather than an answer.

It is true that the Court expressly ordered a "responsive pleading" rather than a motion. ECF No. 4, PageID.74. But just because the Rules contemplate a pre-answer motion does not necessarily mean that the Court ordered one here. Rule 12, however, provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing Section 2254 Cases, Rule 12. And Federal Rule of Civil Procedure 12(b) permits defendants to file a pre-answer motion to dismiss.

Respondent sought dismissal on the threshold procedural ground that Christianson failed to exhaust his administrative remedies. The Court may resolve that issue without requiring Respondent to file an answer addressing the merits of the petition. It was therefore not improper for Respondents to file a pre-answer motion to dismiss.

*B. Conversion to Motion for Summary Judgment*

Christianson also argued that the Court may not consider the Declaration of M. Cannon and supporting documents submitted with Respondent's motion because they are matters outside the pleadings. *See* ECF No. 8, PageID.274–291.

Review under Rule 12(b)(6) is limited to "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009). Evidence outside these materials is considered "matters outside the pleadings." Fed. R. Civ. P. 12(d).

Federal Rule of Civil Procedure 12(d) provides that, if matters outside the pleadings are presented with a motion to dismiss and are not excluded, "the motion must be treated as one for summary judgment under Rule 56." It is within the Court's discretion to decide whether to convert a 12(b)(6) motion to dismiss into a motion for summary judgment. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

Here, Respondent relied on the Declaration of M. Cannon, a case manager at FCI Milan, and BOP administrative-remedy records to establish Christianson's unsuccessful efforts to complete the BOP grievance process. *See* ECF No. 6, PageID.211–212. Although the petition referenced aspects of his administrative

efforts, Christianson did not attach any BOP forms. The declaration and supporting records therefore are matters outside the pleadings. The Court will consider the documents and convert Respondent's motion to dismiss into a motion for summary judgment to avoid any question concerning the propriety of considering these materials.[2]

When a court converts a motion to dismiss into a motion for summary judgment under Rule 12(d), all parties must "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But whether actual notice is required "depends upon the facts and circumstances of each case." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998). "Where one party is likely to be surprised by the proceedings, notice is required." *Id.*

Here, Christianson has had a reasonable opportunity to address the issue. Respondent submitted the administrative-remedy records with his motion, and Christianson recognized that the motion could be converted into a summary judgment motion and argued that, if converted, it should be denied. ECF No. 8, PageID.288–292. Thus, he was aware of the possibility of conversion and addressed the merits of the exhaustion issue under a summary judgment framework. He did not identify any additional evidence or arguments he would present if given formal notice, and nothing in his response suggested that he was unaware that the Court

[2] Many district courts in the § 2241 context have converted motions to dismiss under Rule 12(d) when respondents attached declarations supporting a failure to exhaust defense. *See, e.g.*, *Jones v. Gilly*, No. 25-cv-328, 2026 WL 751750 (W.D. Va. Mar. 17, 2026); *Irvis v. Doerer*, No. 24-cv-1708, 2025 WL 465707 (C.D. Cal. Jan. 9, 2025); *Moglia v. Williams*, No. 20-cv-1359, 2021 WL 3566584 (N.D. Ohio June 21, 2021).

could proceed under Rule 12(d). The Court will therefore convert Respondent's motion to dismiss into a motion for summary judgment without providing Christianson formal notice.

VI. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is a genuine dispute of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts look to the applicable substantive law to determine materiality as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Id.* The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322–23. To do so, the non-moving party must present enough evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

*A. Exhaustion of Administrative Remedies*

Federal habeas petitioners must exhaust their administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."). Thus, before Christianson could seek habeas relief in federal court, he was required to complete the BOP's multi-tiered administrative grievance process. Under that process, a prisoner must first attempt to resolve the matter informally with staff, 28 C.F.R. § 542.13(a), and if unsuccessful, may then file a BP-9 Administrative Remedy Request Form with the Warden, 28 C.F.R. § 542.14(a). The Warden has twenty days to respond. 28 C.F.R. § 542.18. If the prisoner is not satisfied with the Warden's response, they may then file a BP-10 Form to appeal to the appropriate Regional Director, who has thirty days to respond. 28 C.F.R. §§ 542.15(a), 542.18. If the prisoner is not satisfied with the Regional Director's response, they may then file a BP-11 Form to appeal to the General Counsel, who has forty days to respond. *Id.*

Here, Christianson failed to pursue his administrative remedies in accordance with the above-described process. Christianson's BP-9 Administrative Remedy Request Form was rejected because he did not first attempt to resolve the matter informally and did not allow the institution sufficient time to respond to his BP-8 request. *See* ECF No.6-1, PageID.220, 230. The North Central Regional Office rejected Christianson's first BP-10 request and instructed him to resubmit his BP-9

request to the institution and await the warden's response before seeking regional review. *See id.* at PageID.220, 232. The Regional Office rejected Christianson's two additional BP-10 requests because he failed to submit the requests in proper form. *See id.* at PageID.220, 234, 236. Christianson then appealed to the Central Office, but that appeal was rejected for the same procedural deficiencies. *See id.* at PageID.220, 238. The Central Office advised Christianson to follow the directions provided in the prior rejection notices. *See id.* at PageID.221, 238. Rather than correct the deficiencies and properly pursue the administrative-review process, Christianson did not seek any further review. *Id.* at PageID.221.

Administrative law requires the proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (cleaned up). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

Christianson did not properly exhaust his administrative remedies. The record shows that the BOP repeatedly identified procedural deficiencies in Christianson's administrative requests and instructed him how to correct them. But he did not correct those deficiencies or otherwise complete the administrative-review process. While there is a futility exception to the exhaustion requirement, *see Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006), Christianson did not show that

further pursuit of his administrative remedies would have been futile or are unavailable to him now. The fact that Christianson's administrative requests were rejected for failure to comply with procedural requirements does not demonstrate that the administrative remedies are unavailable to him. Accordingly, because there is no genuine issue of material fact as to Christianson's failure to exhaust available administrative remedies, the habeas petition will be dismissed without prejudice.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Respondent's motion to dismiss [6] is construed as a motion for summary judgment and is **GRANTED**, and the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Christianson's motion to strike [7] and petition for adjudication in criminal contempt [11] are **DENIED**.

**IT IS FURTHER ORDERED** that Christianson's motions for leave to file excess pages [9, 10] and motions for rulings [12, 13] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Christianson need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 28, 2026